GLS/MC: USAO 2008R00575

PJM 08 CR 0384

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
LODGED ___ RECEIVED

AUG 1 3 2008

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. _____ |
| | * | |
| C&R ENVIRONMENTAL ASSOCIATES, INC., | * | (Conspiracy to Defraud United States, 18 U.S.C. § 371) |
| | * | |
| Defendant | * | |
| | * | |

*******

## INFORMATION

The United States Attorney for the District of Maryland charges:

**The Small Business Administration**

At all times relevant to this Information:

1. The Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States.

2. The SBA was authorized by law to develop a program and promulgate regulations to assist socially and economically disadvantaged small businesses. The SBA's Section 8(a) program, the "Business Development Program," provided business development assistance to socially and economically disadvantaged small businesses, including help in obtaining federal contracts.

3. SBA regulations prohibit a non-disadvantaged individual ("NDI") from controlling, or having the power to control, the 8(a) firm. Factors to be considered in determining whether a NDI has control or the power to control the 8(a) firm include whether the NDI: (i) provides critical financial and bonding support or loans which directly or indirectly

enable the NDI to control the business decisions of the firm, or (ii) has a business relationship with the 8(a) firm such that the 8(a) firm does not operate independently and cannot exercise independent business judgment without great economic risk.

4. The regulations further prohibit a non-disadvantaged individual from receiving compensation from the 8(a) firm in any form, including dividends, which exceeds the compensation of the highest-ranking disadvantaged participant without the consent of the SBA.

5. Section 8(a) firms were required to submit annually to the SBA materials demonstrating that the firm continued to meet all of the eligibility criteria for the program, including the firm's continuing compliance with the ownership and control requirements. In each annual submission, the firm's owner had to certify that he or she had read the applicable regulations, that the firm met all regulatory eligibility requirements, and that the information submitted was correct.

### The Defendant and Related Entities

6. Beginning in or about January 2001, the Defendant, **C&R Environmental Associates, Inc. (C&R)** began performing industrial hygienist work in the District of Maryland. Thereafter, beginning in or about early Summer 2001 until the present, **C&R** conducted asbestos and lead abatement and demolition work in the District of Maryland and elsewhere.

7. The president of **C&R** is Rudolph Scipio ("Scipio"). Scipio qualified under the 8(a) program as a socially and economically disadvantaged individual. **C&R** participated in the 8(a) program from in or about November 2000 until the present.

8. Company A, a Maryland corporation, conducted asbestos and lead abatement and demolition work in the District of Maryland and elsewhere. Company A participated in the 8(a)

program from in or about December 1998 until the Summer of 2007. The president of record for Company A was an individual who qualified under the 8(a) program as a socially and economically disadvantaged individual.

### The Conspiracy

9. Beginning in or about early 2001, and continuing until at least in or about the Summer of 2007, in the District of Maryland and elsewhere, the defendant,

**C&R ENVIRONMENTAL ASSOCIATES, INC.,**

did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to defraud the United States, that is, to hamper, hinder, impede, impair and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the SBA in administering the Section 8(a) program, by violating SBA requirements related to control and ownership of the firms participating in the SBA's 8(a) program.

### Overt Acts

10. In furtherance of the conspiracy, and to effect the objects, designs, and purposes thereof, at least one of the conspirators committed, or caused to be committed, at least the following overt acts, among others, in District of Maryland, and elsewhere:

A. On or about February 20, 2001, an NDI coconspirator caused Company A to issue a check to the Defendant.

B. Between in or about February 2001 and July 2001, an NDI coconspirator caused Company A to infuse cash into the Defendant, which enabled the Defendant to pay its operating expenses.

C. Beginning in or about 2001 and continuing through at least 2005, on a routine basis, the NDI coconspirators simultaneously exercised significant control over the asbestos and demolition contracts bid upon by the Defendant and Company A, as well as exercised control over the selection and payment of subcontractors on behalf of the Defendant and Company A.

D. On or about June 14, 2002, an NDI coconspirator provided personal indemnification with respect to the bonding liability of the Defendant.

E. From in or about 2000 through the present, C&R failed to disclose to the SBA the fact that NDI co-conspirators had the authority to speak on behalf of C&R, and exercised financial and operational control over C&R. Such disclosure was required by the regulations, and the failure to disclose such information misled the SBA regarding the true involvement in the company by the NDI co-conspirators.

F. For the year 2005, one NDI coconspirator received compensation from C&R that exceeded the compensation paid to the president of C&R. This award of compensation to the NDI was not made with the consent of the SBA.

G. On or about November 14, 2006, an agent of the Defendant submitted an annual report to the SBA containing materially false information and omitting information required by law to be disclosed, including the fact that a non-disadvantaged individual received compensation in an amount greater than the compensation paid to the principal of C&R.

18 U.S.C. § 371

*[signature]*
Rod J. Rosenstein
United States Attorney

Dated: August 13, 2008

4